IN THE
UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT,
      Plaintiff,

**COMPLAINT**

      v.

Civil Action No.

ANACOMP, INC, CAPTREE CHEMICAL CORP.,
E.J. GAISSER, INC., GUARD ALL CHEMICAL
COMPANY, INC., JOHN L. ARMITAGE & CO.,
MACE ADHESIVES & COATINGS CO., INC.,
AND MALLACE INDUSTRIES, INC.
      Defendants.

_____

      The State of Connecticut, by the Attorney General of the State of Connecticut, and,

at the request and on behalf of The Commissioner of Environmental Protection alleges:

STATEMENT OF THE CASE

1.      This is a civil action brought by the State of Connecticut ("the State") pursuant to

Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act

("CERCLA"), 42 U.S.C. § 9607 and Connecticut General Statutes §§ 22a-6a, 22a-16, and

22a-451, seeking recovery of response costs incurred and to be incurred by the State for

response actions in connection with the release or threatened release of hazardous substances

at or from the Solvents Recovery Services of New England, Inc. facility in Southington,

Connecticut ("SRS facility"), and damages for injury to, destruction of, or loss of natural resources of the State .

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 9607 and 9613(b) and has supplemental jurisdiction over State law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 42 U.S.C. § 9613(b), because the threatened and actual release of hazardous substances have occurred in this district.

## DEFENDANTS

4.      Each of the defendants is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

5.      The Solvents Recovery Services of New England, Inc. Federal Superfund Site ("Site") is located on the site of a former solvents recovery, blending and resale facility which was in operation from 1955 through 1991.

6.      The SRS facility accepted spent solvents which it distilled and resold.  The distillation process produced a solvent-laden sludge that was, depending on the time period, disposed of in lagoons or burned in an open-pit incinerator.  Spent solvent handled at the facility also leaked and was spilled onto the bare ground.

7.     These activities resulted in the contamination of the Site.  The Site's soils and groundwater are heavily contaminated with hazardous substances, primarily volatile organic compounds and semi-volatile organic compounds.

8.     The State has conducted various response actions at the Site, including the following: (a) the removal of soils contaminated with hazardous substances; (b) the removal of drums and other containers of hazardous substances; (c) the performance of a remedial investigation at the Site; (d) oversight of response actions being implemented by a group of potentially responsible parties at the Site; and (e) various enforcement actions.

9.     During the period from 1957 to 1991, Xidex Corp. sent a total of 327,862 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These waste solvents contained hazardous substances.  Anacomp, Inc. is a successor in interest to Xidex.

10.     During the period from 1957 to 1991, Captree Chemical sent a total of 1,705 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These waste solvents contained hazardous substances.

11.     During the period from 1957 to 1991, E.J. Gaisser sent a total of 31,970 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These waste solvents contained hazardous substances.

12.     During the period from 1957 to 1991, Guard All Chemical sent a total of 25,307 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These waste solvents contained hazardous substances.

13.     During the period from 1957 to 1991, John L. Armitage & Co. sent a total of 33,794 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These

waste solvents contained hazardous substances.

14.     During the period from 1957 to 1991, Mace Adhesives & Coatings sent a total of 29,570 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These waste solvents contained hazardous substances.

15.     During the period from 1957 to 1991, Frismar, Inc. sent a total of 45,897 gallons of waste solvents to the SRS facility for treatment and/or disposal.  These waste solvents contained hazardous substances.  Mallace Industries is a successor in interest to Frismar

16.     The United States Environmental Protection Agency ("EPA") listed the Site on the National Priorities List ("NPL") in September 1983.  The NPL was established pursuant to Section 105(a) of CERCLA, 42 U.S. C. § 9605(a), and is found at 40 C.F.R. Part 300, Appendix B .  The NPL is a list of those sites at which there are releases of hazardous substances, and which EPA has ranked as having the highest priority for remediation or other response action among all nationally identified releases, based on relative risk or danger to public health, welfare or the environment.

17.     As a result of the activities at the SRS facility, there were and are releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threats of continuing releases, of hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at or from the SRS facility.

18.     As a result of the activities at the SRS facility, there has been injury to, destruction of, or loss of the natural resources of the State of Connecticut.

19.     As a result of the activities at the SRS facility, the State has incurred costs in conducting response actions at the Site.

## FIRST COUNT:  CERCLA § 107, 42 U.S.C. 9607

20.     Paragraphs 1 through 19 are incorporated herein by reference.

21.     Each defendant is a person within the meaning of Section 101 (21) of CERCLA, 42 U.S.C. § 9601(21).

22.     The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S. C.§ 9601(9).

23.     There have been releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases of hazardous substances at or from the Site.

24.     The State has incurred costs of response, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the Site.

25.     The State's response actions regarding the Site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

26.     Each defendant is liable to the State pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9797(a)(3), as a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances.

27.     The State has incurred injury to, destruction of, or loss of natural resources, within the meaning of Section 101(16) of CERCLA 42 U.S.C. § 9601(16) as a result of the release of hazardous substances from the SRS facility.

28.     Pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, defendants are jointly and severally liable to the State for all costs of response actions incurred and to be incurred in the future and for damages for injury to, destruction of, or loss of natural resources of the State.

SUPPLEMENTAL STATE CLAIMS
SECOND COUNT:  CONN. GEN. STAT. § 22a-451

29.     The State of Connecticut, on behalf of the Commissioner of Environmental Protection, brings this action.  The Commissioner of Environmental Protection of the State of Connecticut, is charged with the supervision and enforcement of the statutes of the State of Connecticut respecting the environment, and is generally empowered by virtue of Conn. Gen. Stat. § 22a-6(a)(3) to institute all legal proceedings necessary to enforce statutes, regulations or orders administered, adopted or issued by the Commissioner of Environmental Protection.

30.     Paragraphs 2 through 19 are incorporated herein by reference.

31.     Each defendant directly or indirectly caused pollution and contamination of the land or the waters of the State through the discharge, spillage, uncontrolled loss, seepage, or filtration of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous waste.

32.     The State has incurred and will incur in the future costs and expenses in investigating, containing, removing, monitoring or mitigating such pollution and contamination caused by defendants.

33.    Defendants are jointly and severally liable to the State for said costs and expenses incurred pursuant to Conn. Gen. Stat. § 22a-451

### THIRD COUNT:  CONN. GEN. STAT. § 22a-6a

34.    Paragraphs 2 through 19 and Paragraph 29 are incorporated herein by reference.

35.    Defendants are jointly and severally liable to the State for the reasonable costs and expenses of the State in restoring the air, water, lands and other natural resources of the State, including plant, wild animal and aquatic life to their former condition insofar as practicable and reasonable, or, if restoration is not practicable or reasonable, for any damage temporary or permanent to the air, waters, land or other natural resources of the State, including plant, wild animal and aquatic life and to the public trust therein pursuant to Conn. Gen. Stat. § 22a-6a.

### PRAYER FOR RELIEF

WHEREFORE, the State prays that this Court:

1.    Order each defendant to reimburse the State for all response costs incurred or to be incurred by the State, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

2.    Order each defendant to reimburse the State for the reasonable costs and expenses in detecting, investigating, controlling and abating pollution or contamination pursuant to Conn. Gen. Stat. § 22a-451.

3.     Find each defendant liable to the State for damages for injury to, destruction of, or loss of natural resources pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607.

4.     Find each defendant liable to the State pursuant to Conn. Gen. Stat. § 22a-6a for the reasonable costs and expenses of the State in restoring the waters, land and other natural resources of the State, or if restoration is not practicable or reasonable, for any damage, temporary or permanent, caused to the water, lands or natural resources of the State, including plant, wild animal and aquatic life and the public trust therein.

**FOR THE STATE OF CONNECTICUT:**

RICHARD BLUMENTHAL
ATTORNEY GENERAL

7/21/2010
Date

By:

JOHN M. LOONEY
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106
Federal Bar # CT08279JML

7/21/2010
Date

By:

LORI D. DIBELLA
Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106
Federal Bar # CT19101